UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 10-196-GWU


ELIZABETH REED,                                              PLAINTIFF,


VS.                         **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Elizabeth Reed brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity?
    If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful
    activity, does he have any "severe" impairment or combination
    of impairments--i.e., any impairments significantly limiting his
    physical or mental ability to do basic work activities?  If not, a
    finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine
    whether the claimant's severe impairment(s) or combination of
    impairments meets or equals in severity an impairment listed

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .   .   .  or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Elizabeth Reed, a former cosmetologist, suffered from impairments related to degenerative disc disease.  (Tr. 15, 19).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally stoop or crouch and a need to avoid exposure to dangerous hazards such as machinery and unprotected heights.  (Tr. 17).  Since

6

the claimant was found capable of returning to her past relevant work, she could not be considered totally disabled.  (Tr. 19).

After review of the evidence presented, the undersigned finds that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Reed argues that the ALJ erred in dealing with the opinion of Dr. Saroj Dubal, a treating source at the Pain Management and Rehabilitation Center of Saint Joseph Hospital.  The undersigned agrees with the plaintiff's argument.

Dr. Dubal diagnosed lumbar spondylosis with facet arthropathy, multi-level degenerative disc disease of the lumbar spine, and sacroiliac arthropathy.  (Tr. 73). The physician opined that Reed would be restricted from lifting more than 15 pounds occasionally and 10 pounds frequently.  (Tr. 74).  The plaintiff was limited to standing or walking for no more than four hours a day in intervals of 20 minutes and sitting for no more than six hours a day in intervals of 30 minutes.  (Id.).  Dr. Dubal indicated that the claimant could never climb and could only occasionally stoop, crouch or crawl.  (Tr. 75).  The doctor also reported that Reed would need to avoid exposure to heights, moving machinery and vibration.  (Tr. 75-76).  These

are more severe physical limitations than those found by the ALJ and would limit the claimant to sedentary level work.

The Dictionary of Occupational Titles (DOT) at No. 332.271-010 indicates that the job of cosmetologist is performed at the light exertional level. The ALJ relied upon this information in deciding that Reed could return to her past relevant work. (Tr. 19). Obviously, Dr. Dubal's assessment would preclude this work. While the DOT does not address issues relating to sitting and standing, the plaintiff indicated on the Disability Report that she had been required to stand and walk for 8 hours to fulfill her duties as a cosmetologist. (Tr. 59). The severe standing and walking restriction noted by Dr. Dubal would also preclude the past relevant work. The claimant asserts that this opinion of a treating source was binding on the administration and the ALJ should at least have sought the advice of a vocational expert.

The ALJ, noting that Dr. Dubal had treated the plaintiff conservatively, stated that "there is no evidence the claimant has been given any restrictions in her ability to do work related activities." (Tr. 19). Thus, the ALJ clearly overlooked the opinion of the treating source. The doctor's assessment was numbered 5E and placed in the section of the record titled "Disability Related Development and Documentation" rather than in the "Medical Records" section where such evidence is typically located in an administrative transcript. (Tr. 1-2). However, there is no assertion

from the defendant that this document was not before the ALJ and, so,  he should have seen and addressed  it despite its somewhat unusual placement in the record.

Under the federal regulations, a treating physician's opinion is normally entitled to superior weight and when this opinion is not given such deference, the ALJ is required to cite good reasons for this action.  20 C.F.R. § 404.1527(d)(2). The Sixth Circuit Court of Appeals has found that the failure of the administration to follow its own procedural requirements can constitute reversible error even if the case is otherwise supported by substantial evidence.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 546 (6th Cir. 1994).  In the present action, the ALJ overlooked the treating physician's opinion and, so, did not give good reasons for rejecting it.

The defendant notes that Dr. Dubal's opinion was issued in July of 2007.  (Tr. 77).  This would be over six months since the December 31, 2006 date that Reed was last insured for the purposes of DIB and, so, was not pertinent to the current case. (Tr. 15).  However, the ALJ might have determined that this opinion "related back" to the relevant time frame if the opinion been considered.   Furthermore, the Sixth Circuit Court of Appeals noted in Wilson, that one of the purposes for requiring the ALJ to provide good reasons for rejecting the opinion of a treating source  was to help legally unsophisticated disability claimants understand why the favorable opinions of their treating sources were rejected.  Wilson, 378 F.3d at 544.  Thus,

even if this opinion was untimely, the ALJ needed to make this clear in the denial decision.

The defendant also asserts that the record reveals no treatment from Dr. Dubal after July, 2005 and, so, he would not qualify as a treating source at the time of his July, 2007 opinion.  However, the court notes that Dr. Dubal indicated treating the plaintiff at least through March of 2007.  (Tr. 72).  Thus, he would appear to have retained his treating source status.  Even if not, the ALJ should at least have cited this fact as a reason to reject the opinion since the doctor had been a treating source during the relevant time frame and a legally unsophisticated claimant would otherwise be confused as to why evidence favorable to her claim was rejected. Therefore, the court finds that the ALJ's failure to address Dr. Dubal's opinion was reversible error requiring a remand of the action for further consideration.

Reed also argues that the ALJ erred in failing to properly consider her subjective complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Since the ALJ overlooked a major piece of evidence favorable to the plaintiff,

the court is inclined to agree that a proper assessment of her credibility was not made.  This failure can be corrected upon remand.

The undersigned concludes that the administrative decision must be reversed and the action remanded for further consideration of the opinion of Dr. Dubal.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 1st day of February, 2011.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**